LORENZO J. DÁVILA, Plaintiff and Appellee, *v.* ANGEL MARTÍNEZ-CABALLERO ET AL., Defendants.—MARTÍNEZ, Appellant.

No. 4279.  Argued February 7, 1928.—Decided March 9, 1928.

*G. S. Pierluisi* for the plaintiff.  *R. Arjona Siaca* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

This is an appeal from a judgment rendered by the district court of Ponce in a civil action brought by Lorenzo J. Dávila against Angel Martínez Caballero and Carlos J. Chardón, marshal of the district court of Ponce, for the refund of a sum of money and for damages. The appellant is defendant Angel Martínez Caballero.

Lorenzo J. Dávila filed a complaint in the district court of Ponce against Angel Martínez Caballero and Carlos J. Chardón, marshal of the district court of Ponce, alleging in substance that in 1924 Martínez Caballero instituted in the district court of Ponce a mortgage foreclosure proceeding against Antonio Sotomayor and Gerónima Pizarro and in that proceeding a rural property described in the complaint

was sold by auction to plaintiff Lorenzo J. Dávila for the sum of $1,360, which was paid to the marshal and delivered to Martínez Caballero; that after the deed of sale had been executed in favor of Lorenzo J. Dávila the said Gerónima Pizarro did not deliver possession of the property and when an action of unlawful detainer was brought she set up her homestead right which was sustained by this Supreme Court on appeal; that the defendant marshal did not retain from the proceeds of the sale the $500 representing the homestead right of Gerónima Pizarro, and that owing to his failure to retain that sum and to the fact that Angel Martínez Caballero received the full proceeds of the public sale knowing that such collection was improper, the plaintiff finds himself deprived of $500 and has had to pay attorney's fees and costs in the action of unlawful detainer amounting to another sum of $500. He prayed for judgment against the defendants, or either of them, for $1,000 and the costs.

The defendants demurred on the ground of lack of facts sufficient to state a cause of action and this was sustained by the court as to defendant Carlos J. Chardón but overruled as to the other defendant. Martínez prayed for a judgment on the pleadings and on March 29, 1927, the court dismissed the complaint as against Carlos J. Chardón and sustained it as to Angel Martínez Caballero, without costs. This is the judgment appealed from.

It is assigned by the appellant that the court erred in overruling the demurrer to the complaint as against defendant Martínez Caballero.

In the tenth averment of the complaint the fact is established that the marshal did not retain either at or after the public sale, the sum of $500 constituting the legal homestead right of Gerónima Pizarro and delivered the total proceeds of the sale to creditor Angel Martínez Caballero. On this point the court, in ruling on the demurrer, held that the marshal had complied with the Act of March 10, 1904, creat-

ing the office of district marshal and defining his duties; therefore it sustained the demurrer as to this defendant.

Let us see whether the complaint offers sufficient facts to state a cause of action as against the other defendant, the appellant herein.

In the first place, let us bear in mind that the complaint prays for a judgment for $1,000, of which $500 is for the homestead right and the remaining $500 for damages.

It is not alleged in the complaint that the marshal who made the public sale was required in any manner to retain $500 as the homestead right; therefore, he acted correctly in retaining the total proceeds of the public sale and in delivering the amount in full to the creditor. It is not alleged that the creditor, at the time of receiving that sum, had been notified that there was a right of homestead belonging to Gerónima Pizarro to be paid out of the proceeds. Moreover, the complaint does not allege the execution of the judgment rendered by this Supreme Court on July 19, 1926, on appeal in the action of unlawful detainer brought by Lorenzo J. Dávila against Gerónima Pizarro, in which the question of the homestead right arose. It is alleged that "Because defendant Angel Martínez Caballero had received, knowing that such collection was improper, to the best knowledge and belief of the plaintiff, the whole proceeds from the public sale, and because the defendant marshal had failed to keep in his possession, to be delivered to Gerónima Pizarro, the legal amount for the right of homestead, in compliance with the law, the plaintiff finds himself now deprived of the sum of $500," etc.

Nor does the complaint show the juridical connection between the plaintiff and defendant Martínez Caballero. We find no allegation whatever that Martínez Caballero had to retain, or order retained, any sum to cover the homestead right.

The allegation of the complaint that Martínez Caballero

received the full proceeds of the public sale "knowing that such collection was improper," is only a conclusion, as has been held by this court in *Cuevas* v. *Banco Territorial y Agrícola,* 19 P.R.R. 1109, and *J. Ochoa & Brother* v. *Heirs of Lanza,* 17 P.R.R. 398. The allegations of the complaint should be facts, according to the Code of Civil Procedure and jurisprudence (*García* v. *Preston,* 17 P.R.R. 556, and cases cited in the same opinion, *Green* v. *Palmer,* 15 Cal. 412, *Marshall* v. *Baltimore & Ohio R. R. Co.,* 16 How. 328).

This complaint does not allege facts that involve the right of the plaintiff, the duty of the defendant and the act of the defendant infringing that right, all of which are essential elements of a cause of action, according to the classics. (See Pomeroy's Code Remedies, pages 459 et seq.)

There is such failure to make allegations in this case in regard to the main action for the recovery of the $500, and in regard to the action for damages. It seems that a sort of action was intended for the recovery of what had been unduly collected. The legal situation between the plaintiff and the defendant is not properly that for the recovery of what had been unduly collected. For an action of this kind it is necessary, according to section 1796 of the Civil Code, that a thing should have been received when there was no right to it and which, through error, had been unduly delivered. It is clear that this is not such a case.

In these circumstances the district court of Ponce could have considered the demurrer in regard to the appellant, and its failure to do so and the rendition of the judgment in the manner it was rendered constitute errors reviewable on appeal.

The judgment appealed from must be reversed, and is hereby reversed, and the case remanded to the district court of Ponce for further proceedings not inconsistent with this opinion.